IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv29-3-V

ALBERT ESPOSITO,              )
                              )
        Petitioner,           )
                              )
    v.                        )
                              )           **O R D E R**
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
                              )

**THIS MATTER** comes before the Court on Petitioner's "Notice of Application and Application for Issuance of Subpoena Duces Tecum at Government Expense" (Document No. 17), which this Court will construe as a motion for discovery.[1]

Plaintiff seeks the following from his counsel in his criminal case:

1) the entire file pertaining to criminal matter no. 3:01cr202, United States v. Esposito:

2) the entire file pertaining to criminal appeal no. 05-5079, United States v. Esposito;

3) all memos, notes, or other papers of communications produced from either legal matter mentioned above, including all conversations between members and friends of the Esposito family.

Generally, habeas petitioners have no right to automatic discovery. Stanford v. Parker,

---

[1] By letter filed August 25, 2008, Petitioner asks for the status of his Motion to Stay, also filed on the same day as the instant motion. (Doc. No. 18.) This Court has reviewed the file and docket sheet in this case and has not located the Motion to Stay that Petitioner references in his letter. The Court assumes that Petitioner was requesting that his case be stayed pending this Court's ruling on the instant motion. Since the Court is now ruling on Petitioner's discovery motion, a stay is no longer necessary and that motion would be moot.

266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-90 (1997) The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004).

In the instant case, Petitioner contends that his counsel, Mr. Steven T. Meier, was ineffective for failing to present several arguments and claims during his sentencing hearing and on appeal. Mr. Meier provided the Government with an affidavit to be filed as an exhibit to the Government's Motion for Summary Judgment which stated that he presented each of the arguments Petitioner requested and he did so in accordance with the trial and appellate strategy established by Petitioner. By way of the instant motion, Petitioner contends that he needs the requested documents to provide evidence in opposition the Government's Motion for Summary Judgment and that such documents will establish that Mr. Meier's Affidavit was made in bad faith.

To the extent that Petitioner is seeking copies of his entire criminal and appellate file, such request is denied as Petitioner has not established that the information he seeks is for anything other than a fishing expedition. He has not demonstrated the materiality of the information requested nor has he demonstrated "good cause" to entitle him to the contents of his

entire criminal and appellate file. However, the Court will direct Mr. Meier to provide Petitioner with copies of any correspondence or other documents between himself and Petitioner that may reflect a request by Petitioner that counsel raise specific issues at sentencing or on appeal.

Therefore, Petitioner's request for discovery is granted in part and denied in part.

**IT IS HEREBY ORDERED that:**

1) Petitioner's request for discovery (Doc. No. 17) is granted in part and denied in part;

2) Mr. Meier, Esq. is directed to provide Petitioner with any correspondence and documents as outlined in this Order within fourteen (14) days of the date of this Order;

3) Petitioner has thirty (30) days from the date of this Order to file a response to Respondent's Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT**.

4) The Clerk is directed to send a copy of this Order to Mr. Steven Meier, 1401 E. 7th Street, Suite 200 Charlotte, North Carolina, 28204.

**SO ORDERED**.

Signed: September 2, 2008

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge